**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4137**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARVIN GARRETT,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, District Judge. (2:12-cr-00030-1)

_____

Submitted: May 27, 2015        Decided: June 10, 2015

_____

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John A. Carr, JOHN A. CARR, ATTORNEY AT LAW, PLLC, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Garrett appeals his conviction and 262-month sentence for distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012). Garrett argues that the district court erred by denying his motion for a new trial based on the Government's failure to disclose the drug history of a confidential informant ("C.I.") who testified against him and by imposing a sentence that was substantively unreasonable. We affirm.

The Government has a responsibility to disclose material evidence favorable to the accused, including potential impeachment evidence. Giglio v. United States, 405 U.S. 150, 153-55 (1972). "Undisclosed evidence is material when its cumulative effect is such that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Sterling, 724 F.3d 482, 511 (4th Cir. 2013) (internal quotation marks omitted), cert. denied, 134 S. Ct. 2696 (2014). On appeal, the defendant has the burden of proving a Giglio violation, and "we review [the district court's] legal conclusions de novo and its factual findings for clear error." United States v. King, 628 F.3d 693, 701-02 (4th Cir. 2011).

The district court found that the Government improperly failed to disclose the C.I.'s drug history and that this

2

information was favorable to Garrett. The court also concluded, however, that this evidence was not material because the C.I. was effectively impeached when she admitted her drug history and mental conditions at trial and because the other evidence against Garrett was strong. The Government's evidence included a recording of a telephone conversation in which the C.I. ordered cocaine base from a man whom a detective identified as Garrett, testimony from multiple officers that they saw Garrett meet the C.I. at the agreed place of delivery, testimony from a detective that he saw Garrett give the C.I. something in exchange for money, and evidence that the object provided by the C.I. proved to be cocaine base. In light of the overwhelming evidence against Garrett, we conclude that the district court did not err in finding no reasonable probability that prior disclosure of the C.I.'s drug history would have affected the outcome of the case. See Sterling, 724 F.3d at 511.

Garrett also challenges the substantive reasonableness of his sentence. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding appellate

3

presumption of reasonableness for within-Guidelines sentence). Having reviewed the record and Garrett's arguments, we conclude that Garrett has failed to rebut this presumption.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED